UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

LISBER PEREZ ARGUETA, FERNANDO ROMERO REYES, and JOSE REYES RODRIGUEZ, on behalf of themselves and all others similarly situated,

                        Plaintiffs,

-against-

VISTAMAR RESTAURANT & LOUNGE CORP. d/b/a VISTAMAR RESTAURANT and RAFAEL ROBLES,

                        Defendants.

------------------------------------------------------------------X

23 Civ. 2559

**COLLECTIVE AND CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Lisber Perez Argueta, Fernando Romero Reyes, Jose Reyes Rodriguez (collectively, "Plaintiffs"), on behalf of themselves and all others similar similarly situated, by their attorneys Pechman Law Group PLLC, complaining of defendants Vistamar Restaurant & Lounge Corp. and John Doe (collectively, "Defendants"), allege:

## NATURE OF THE ACTION

1. Defendants paid Plaintiffs and the rest of its waitstaff at the "tipped" minimum wage rate without satisfying the strict tip credit requirements of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), failed to pay them at least one and one-half times the statutory minimum wage rate for hours worked over forty per workweek, and allowed a manager to participate in the waitstaff tip pool and to retain portions of the tips that customers left for the waitstaff. Defendants also failed to pay Plaintiffs and the rest of its waitstaff spread-of-hours pay, in violation of the NYLL, and to provide them with wage notices upon hiring and accurate weekly wage statements, in violation of the NYLL's Wage Theft Prevention Act ("WTPA").

2. Plaintiffs bring this action on behalf of themselves and all similarly situated servers, bussers, runners, bartenders, and barbacks (collectively, the "Waitstaff")

pursuant to the FLSA, the NYLL, and the WTPA seeking injunctive and declaratory relief against Defendants' unlawful actions and to recover unpaid minimum and overtime wages, spread-of-hours pay, misappropriated gratuities, liquidated damages, statutory damages, pre- and post-judgement interest, and attorneys' fees and costs.

## JURISDICTION

3. This Court has subject matter jurisdiction over this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, and it has supplemental jurisdiction over Plaintiffs' claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391 because the events set forth in this Complaint occurred at Vistamar Restaurant, which is in the Southern District of New York.

## THE PARTIES

**Plaintiffs**

5. Lisber Perez Argueta resides in Bronx County, New York.

6. Argueta has worked as a busser at Vistamar Restaurant since approximately March 2022.

7. Fernando Romero Reyes ("Romero") resides in Bronx County, New York.

8. Romero worked as a busser at Vistamar Restaurant from approximately April 2022 through June 2022.

9. Jose Reyes ("Reyes") resides in Bronx County, New York.

10. Reyes worked as a waiter at Vistamar Restaurant from approximately April 2017 through September 2022.

**Defendant Vistamar Restaurant & Lounge Corp.**

11. Defendant Vistamar Restaurant & Lounge Corp., is a New York Corporation that owns, operates, and does business as Vistamar Restaurant, a restaurant located on 565 City Island Avenue, Bronx, New York 10464.

12. Throughout Plaintiffs' employment, Vistamar Restaurant had employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

13. In each of the three years prior to the filing of this Complaint, Vistamar Restaurant had an annual gross volume of sales in excess of $500,000.

**Defendant Rafael Robles**

14. Upon information and belief, Defendant Rafael Robles is an owner and principal of Vistamar Restaurant.

15. Throughout Plaintiffs' employment, Robles held power and authority over personnel decisions at Vistamar Restaurant, including the power to discipline, hire, and fire employees, set their schedules and wage rates, retain time and/or wage records, and otherwise control their terms and conditions of employment.

16. For example, Robles determined Plaintiffs' wages and work schedules.

17. Robles distributed Plaintiffs' wages.

18. Robles hired Plaintiffs Argueta and Romero.

19. Robles held weekly meetings where he would direct Plaintiffs' and other Waitstaff's work duties, such as what tables to work, how to place items on the tables, and how to address customers.

20. Robles exercised sufficient control over Vistamar Restaurant's operations and Plaintiffs' employment to be considered their employer under the FLSA and NYLL.

## FACTUAL ALLEGATIONS

21. Throughout his employment at Vistamar Restaurant, Argueta worked a varied work schedule and at times worked forty-one to forty-three hours per workweek, Wednesday, Friday, and Sunday from 4:00 p.m. to 2:30 to 3:00 a.m., and Saturday, from 5:00 p.m. to 2:30 to 3:00 a.m.

22. Throughout his employment, Defendants paid Argueta $10 per regular hour and $15 per overtime hour worked.

23. For example, for the workweek of August 29 to September 4, 2022, Defendants paid Argueta $10 per hour for his first forty hours and $15 per hour for his 5.96 overtime hours worked.

24. Throughout his employment, Romero's work schedule varied, but he often worked between approximately forty-six and a half to forty-nine hours per workweek at Vistamar Restaurant, three days a week from 11:30 a.m. to 12:00 or 1:00 a.m., and another three days from approximately 4:00 p.m. to 1:00 to 2:00 a.m.

25. Defendants paid Romero $10 per regular hour and $15 per overtime hour worked.

26. For example, for the workweek of March 31 to April 6, 2022, Defendants paid Romero $10 per hour for his first forty hours worked and $15 per hour for his ten hours and fifty-five minutes of overtime worked.

27. Throughout his employment, Reyes's work schedule varied from week to week, at times requiring him to work more than forty hours per workweek.

28. Throughout his employment, Defendants paid Reyes at the following regular hourly wage rates for hours worked up to forty per workweek: $7.50 in 2017; $8.65 per hour in 2018; and $10 per hour on and after 2019.

29. Throughout his employment, Defendants paid Reyes one and one-half the rates listed above for hours worked over forty per workweek.

30. For example, for the workweek of July 25 to 31, 2022, Defendants paid Reyes $10 per hour for his first forty hours worked and $15 per hour for his 2.5 overtime hours worked.

31. Defendants furnished Plaintiffs with wage statements at the end of each pay period that did not reflect the tip credit taken against their wages or their correct overtime wage rates.

32. Defendants did not furnish Plaintiffs with a wage notice at the start of their respective employment periods reflecting their regular and overtime wage rates and tip credit taken against their wages.

33. Defendants did not explain to Plaintiffs that they would be taking a tip credit against their regular hourly wage rates.

34. Throughout their respective employment periods, Defendants required Plaintiffs to give portions of their tips to a manager at Vistamar Restaurant named Eduardo De Leon.

35. Eduardo De Leon had and still has the authority and power to hire, fire, demote, suspend, reprimand, and direct the work duties of Waitstaff. For example, in or around July 2022, several employees, including Reyes, witnessed De Leon fire a bus boy.

**CLASS ACTION ALLEGATIONS**

36. Plaintiffs bring the claims in this Complaint arising out of the NYLL under Rule 23 of the Federal Rules of Civil Procedure (Rule 23) on behalf of themselves and of a class consisting of Waitstaff who have worked at Vistamar Restaurant in the past six years (the "Rule 23 Class").

37. The employees in the Rule 23 Class are so numerous that joinder of all members is impracticable.

38. The Rule 23 Class consists of at least forty current and/or former employees, although the precise number of such employees is unknown. Facts supporting the calculation of that number are presently within the sole control of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Rule 23 Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, the names and addresses of each Class Member are readily available from Defendants. Notice can be provided by means permissible under Rule 23.

39. Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole. All the Rule 23 Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay all wages due, and failing to provide Rule 23 Class members with all required wage notices and wage statements. Defendants' corporate-wide policies and practices affected all Rule 23 Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiffs and other Rule 23 Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

40. Common questions of law and fact exist as to the Rule 23 Class that predominate over questions affecting them individually including, *inter alia*, the following:

   a. whether Defendants employed Plaintiffs and the Rule 23 Class within the meaning of the New York Labor Law;

   b. whether Defendants paid Plaintiffs and the Rule 23 Class at the appropriate overtime wage rate for all overtime hours worked;

   c. whether Defendants violated NYLL Article 6, § 190, *et seq.*, and Article 19, § 650, *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 146, as alleged herein;

   d. whether Defendants failed to provide the Rule 23 Class members at the time of hiring or whenever there was a change in their rates of pay with a timely notice stating, *inter alia*, their rates of pay and the basis thereof, whether paid by the hour or otherwise, and allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances, in violation of NYLL § 195(1);

   e. whether Defendants failed to provide accurate wage statements at the end of every pay period to all Rule 23 Class members, in violation of NYLL § 195(3); and

   f. whether Defendants failed to pay Plaintiffs and the Rule 23 Class spread-of-hours pay, in violation of the NYLL;

   g. whether Defendants improperly misappropriated portions of the gratuities due to Plaintiffs and the Rule 23 Class, in violation of the NYLL; and

   h. the nature and extent of class-wide injury and the measure of damages for those injuries.

41. Plaintiffs' claims are typical of the claims of the Rule 23 Class they seek to represent.

42. Plaintiffs and the members of the Rule 23 Class work or have worked for Defendants as Waitstaff within the six years prior to the filing of this action.

43. Plaintiffs and the members of the Rule 23 Class have sustained similar types of damages as a result of Defendants' failure to comply with the NYLL.

44. Plaintiffs and the Rule 23 Class have all been injured in that they have been under-compensated due to Defendants' common policies, practices, and patterns of conduct.

45. Plaintiffs will fairly and adequately represent and protect the interests of the members of the Rule 23 Class.

46. Plaintiffs have retained counsel competent and experienced in wage-and-hour litigation and class action litigation.

47. There is no conflict between any Plaintiff and the Rule 23 Class members.

48. A class action is superior to other available methods for the fair and efficient adjudication of this litigation.

49. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' common policies, practices, and procedures.

50. Although the relative damages suffered by the individual class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.

51. Individual employees lack the financial resources necessary to conduct a thorough examination of Defendants' compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages.

52. In addition, class action litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

53. This action is properly maintainable as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

## COLLECTIVE ACTION ALLEGATIONS

54. Plaintiffs bring the claims in this Complaint arising under the FLSA on behalf of themselves and similarly situated persons who are current and/or former Waitstaff of Defendants since the date three years prior to the filing of this action who elect to opt-in to this action (the "FLSA Collective").

55. The FLSA Collective consists of at least forty Waitstaff who have been victims of Defendants' common policies and practices that have violated their rights

under the FLSA by, *inter alia*, willfully denying them overtime wages and unlawfully misappropriating portions of their tips.

56. The FLSA Collective consists of persons who, during their employment with Defendants, worked as servers, bussers, food runners, bartenders, and barbacks (*i.e.*, the Waitstaff) and fell into the category of non-exempt, non-managerial tipped employees who customarily and regularly earned more than $30 per month in tips.

57. As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice includes, *inter alia*, failing to pay the FLSA Collective members who worked over forty hours per workweek at the applicable overtime wage rate for those hours worked in excess of forty per workweek.

58. Defendants were not entitled to take a tip credit against Plaintiffs' and the FLSA Collective's wages. With respect to the FLSA's requirements:

> The FLSA . . . allows an employer to pay "tipped employees" an hourly rate less than the federal minimum wage by crediting a portion of the actual amount of tips received by the employee against the required hourly minimum wage. An employer may not avail itself of the tip credit if it requires employees to share their tips with employees who do not regularly and customarily receive tips. Therefore, "an employer loses its entitlement to the tip credit where it required tipped employees to share tips with (1) employees who do not provide direct customer service or (2) managers." "When deciding whether an employee customarily and regularly receives tips, courts must determine whether the employee's job is historically a tipped occupation and whether he has more than 'de minimis' interaction with customers as part of his employment."

*Schear v. Food Scope Am., Inc.*, 297 F.R.D. 114, 131 (S.D.N.Y. 2014) (internal citations and quotations omitted).

59. Defendants unlawfully misappropriated portions of the gratuities of Plaintiffs and the FLSA Collective by giving them to a tip-exempt manager, in violation of 29 U.S.C. § 203(m)(B)(2).

60. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees their compensation.

61. Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant monetary damage to the FLSA Collective.

62. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit.

63. Those similarly situated employees are known to Vistamar Restaurant and are readily identifiable and locatable through Vistamar Restaurant's records.

64. Those similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

### FIRST CLAIM
### (New York Labor Law – Unpaid Minimum Wages)

65. Plaintiffs repeat and incorporate all paragraphs above by reference.

66. Defendants are employers within the meaning of the NYLL §§ 190, 651(6), 652, and supporting New York State Department of Labor ("NYDOL") Regulations and employed Plaintiffs and the Rule 23 Class.

67. The NYLL and its supporting regulations require employers to pay employees at least the minimum wage for each hour worked up to forty per workweek.

68. The minimum wage provisions of Article 19 of the NYLL and the supporting NYDOL Regulations apply to Defendants.

69. By failing to meet the tip credit notice requirements, Defendants failed to pay Plaintiffs and the Rule 23 Class the minimum wages to which they were entitled under the NYLL.

70. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiffs and the Rule 23 Class minimum hourly wages.

71. As a result of Defendants' violations of the NYLL, Plaintiffs are entitled to recover their unpaid wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs of the action.

## SECOND CLAIM
### (Fair Labor Standards Act – Unpaid Overtime)

72. Plaintiffs repeat and incorporate all paragraphs above by reference.

73. Defendants are employers within the meaning of 29 U.S.C. §§ 203(d) and 207(a), and they employ or employed Plaintiffs.

74. Defendants were required to pay Plaintiffs and the FLSA Collective one and one-half (1½) times their regular wage rates for hours worked over forty per workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq*.

75. Defendants failed to pay Plaintiffs and the FLSA Collective the overtime wages to which they were entitled under the FLSA.

76. Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiffs and the FLSA Collective overtime wages.

77. Due to Defendants' violations of the FLSA, Plaintiffs and the FLSA Collective are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

## THIRD CLAIM
### (New York Labor Law – Unpaid Overtime)

78. Plaintiffs repeat and incorporate all paragraphs above by reference.

79. Defendants are employers within the meaning of the NYLL §§ 190, 651(6), 652, and supporting NYDOL Regulations and employed Plaintiffs and the Rule 23 Class.

80. The NYLL and its supporting New York State Department of Labor ("NYDOL") Regulations, such as 12 N.Y.C.R.R. § 146–1.4, required Defendants to pay Plaintiffs and the Rule 23 Class one and one-half (1½) times the regular wage rate for all hours worked in excess of forty per workweek.

81. Defendants have failed to pay Plaintiffs and the Rule 23 Class the full overtime wages to which they were entitled under the NYLL.

82. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiffs and the Rule 23 Class overtime wages at the full minimum overtime wage rate.

83. Due to Defendants' willful violations of the NYLL, Plaintiffs and the Rule 23 Class are entitled to recover unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

## FOURTH CLAIM
### (FLSA – Misappropriation of Tips)

84. Plaintiffs repeat and incorporate all paragraphs above by reference.

85. 29 U.S.C. §203(m)(2)(B) prohibits employers from retaining tips received by employees for any purpose, including allowing managers or supervisors to keep any portion of employees' tips.

86. The defendants willfully violated the FLSA by taking a portion of the plaintiffs' collective action members' tips and giving them to a manager named Eduardo De Leon.

87. As a result of the defendants' violations, the plaintiffs and collective action members have suffered damages and are entitled to recover their misappropriated tips,

liquidated damages, attorneys' fees and costs, and pre-judgement and post-judgement interest.

## FIFTH CLAIM
### (NYLL – Misappropriation of Tips)

88. Plaintiffs repeat and incorporate all paragraphs above by reference.

89. NYLL § 196–d and regulations issued thereunder, *see* 12 N.Y.C.R.R. §§ 146–2.14, –2.15 prohibit employers from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee.

90. Defendants willfully violated these provisions by requiring Plaintiffs and class members to share a portion of the gratuities they received with Eduardo De Leon.

91. As a result of Defendants' willful violation of NYLL § 196-d and NYDOL Regulations, Plaintiffs and class members suffered damages and are entitled to recover their misappropriated tips, liquidated damages, attorneys' fees and costs, and pre-judgment and post-judgment interest.

## SIXTH CLAIM
### (New York Labor Law – Spread-of-Hours Pay)

92. Plaintiffs repeat and incorporate all paragraphs above by reference.

93. Defendants willfully failed to pay Plaintiffs and the Waitstaff additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which they worked more than ten hours.

94. By Defendants' failure to pay Plaintiffs and the Waitstaff spread-of-hours pay, Defendants willfully violated the NYLL Article 19, § 650, *et seq.*, and the supporting New York State Department of Labor Regulations, including, but not limited to the Wage Hospitality Industry Wage Order, 12 N.Y.C.R.R. §146–1.6.

95. Due to the Defendants' willful violations of the NYLL, Plaintiffs and the Waitstaff are entitled to recover an amount prescribed by statute, reasonable attorneys' fees and costs of the action, pre- and post-judgement interest, and liquidated damages.

### SEVENTH CLAIM
### (New York Labor Law – Wage Theft Prevention Act, Failure to Provide Notices)

96. Plaintiffs repeat and incorporate all paragraphs above by reference.

97. The NYLL and WTPA, as well as the NYDOL's interpretive regulations, such as but not limited to 12 N.Y.C.R.R. Part 146, require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

98. In violation of NYLL § 195(1), Defendants failed to furnish each Plaintiff and the Rule 23 Class members at the time of hiring and whenever there was a change to rates of pay with wage notices containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law.

99. Upon information and belief, Defendants chose not to provide this information to Plaintiffs and the Waitstaff to avoid informing them of their rights under the NYLL and therefore avoid paying them the proper minimum and overtime wage rates due to them.

100. Due to Defendants' violation of NYLL § 195(1), Plaintiffs and the Rule 23 Class are entitled to recover from Defendants statutory damages of $50 per workday that

the violation occurred, up to a maximum of $5,000, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

## EIGHTH CLAIM
### (NYLL Wage Theft Prevention Act, Failure to Provide Wage Statements)

101. Plaintiffs repeat and incorporate all paragraphs above by reference.

102. The NYLL and WTPA require employers to provide employees with an accurate wage statement each time they are paid.

103. Throughout Plaintiffs' and the Rule 23 Class's employment with Defendants, Defendants paid Plaintiffs and the Rule 23 Class without providing a wage statement at the end of every pay period accurately listing, *inter* alia, allowances (*e.g.*, tip credits), if any, claimed as part of the minimum wage, in violation of the NYLL § 195(3).

104. Upon information and belief, Defendants chose not to provide this information to Plaintiffs and the Waitstaff to avoid informing them of their rights under the NYLL, including their correct minimum and overtime wage rates, and so avoid paying them at the proper rates due to them.

105. Due to Defendants' violation of NYLL § 195(3), Plaintiffs and the Rule 23 Class are entitled to recover from Defendants statutory damages of $250 per workday that the violation occurred, up to a maximum of $5,000, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter an order and judgment:

    a. certifying the case as a collective action for the violations of the FLSA alleged in the Complaint, designating the named Plaintiffs as the representatives

of the FLSA Collective, and designating Plaintiffs' attorneys as counsel for the FLSA Collective;

      b.      certifying the case as a class action pursuant to the NYLL and Rule 23 of the Federal Rules of Civil Procedure as it pertains to all NYLL claims set forth in the Complaint, certifying Plaintiffs as class representatives, and designating Plaintiffs' attorneys as class counsel;

      c.      authorizing the issuance of notice at the earliest possible time to all Waitstaff employees employed by Defendants within the three years immediately preceding the filing of this action. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit;

      d.      declaring that Defendants have violated the overtime wage provisions of the FLSA;

      e.      declaring that Defendants have violated the minimum and overtime wage provisions of the NYLL;

      f.      declaring that Defendants have violated the spread-of-hours pay provisions of the NYLL;

      g.      declaring that Defendants unlawfully misappropriated tips in violation of the FLSA and NYLL;

      h.      declaring that Defendants violated the notice and record keeping provisions of the NYLL and WTPA;

      i.      declaring that Defendants' violations of the FLSA and NYLL were willful;

      j.      enjoining future violations of the FLSA and NYLL by Defendants;

      k.      awarding Plaintiffs, the FLSA Collective, and the Rule 23 Class damages for unpaid overtime wages under the FLSA;

l. awarding Plaintiffs and the Rule 23 Class damages for unpaid minimum and overtime wages, spread-of-hours pay, and statutory damages under the NYLL and WTPA;

m. awarding Plaintiffs, the FLSA Collective, and the Rule 23 Class damages for unlawfully misappropriated gratuities under the FLSA and NYLL;

n. awarding Plaintiffs, the FLSA Collective, and the Rule 23 Class liquidated damages pursuant to the FLSA and NYLL;

o. awarding Plaintiffs, the FLSA Collective, and the Rule 23 Class pre- and post-judgment interest pursuant to the NYLL;

p. awarding Plaintiffs, the FLSA Collective, and the Rule 23 Class reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

q. awarding such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury in this action.

Dated: New York, New York
       March 27, 2023

PECHMAN LAW GROUP PLLC

By: _____
Louis Pechman
Gianfranco J. Cuadra
Camille A. Sanchez
488 Madison Avenue - 17th Floor
New York, New York 10022
Tel: (212) 583-9500
pechman@pechmanlaw.com
cuadra@pechmanlaw.com
sanchez@pechmanlaw.com
*Attorneys for Plaintiffs, Putative Rule 23 Class, and Putative FLSA Collective*