USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/31/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LISBER PEREZ ARGUETA et al.,

               Plaintiffs,

-v.-

VISTAMAR RESTAURANT & LOUNGE CORP. d/b/a Vistamar Restaurant et al.,

               Defendants.

---

23 Civ. 2559 (JHR)

ORDER

JENNIFER H. REARDEN, District Judge:

      Plaintiffs initiated this action alleging violations of the Fair Labor Standards Act and New York State law on March 27, 2023. ECF No. 1. On January 15, 2025, Plaintiffs' counsel moved to dismiss the case without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2) on the ground that Plaintiffs "neither want[ed] to be represented nor s[ought] to continue an Action." ECF No. 40 (Pl. Letter). Plaintiffs' counsel represented that "Plaintiffs denied receiving threats or money to withdraw their claims" or "reaching a secret settlement with Defendants without counsel," and that he had explained to both Plaintiffs, Reyes and Rodriguez, that any such settlement "without counsel and without this Court's approval would be invalid." *Id.* Plaintiffs' counsel also noted, however, that "the circumstances surrounding Plaintiffs' requests for withdrawal and termination of this Action [we]re suspicious." *Id.*

      On January 17, 2025, the Court ordered Defendants to "state whether they ha[d] settled any claim in this action with any Plaintiff." ECF No. 41. On January 26, 2025, Defendants' counsel submitted a letter representing that Defendant Rafael Robles, an "owner and principal" of Defendant Vistamar Restaurant & Lounge Corp., ECF No. 1 (Compl.), said he "ha[d] not made any secret outside settlement payments with the plaintiffs to settle the matter outside of

Court without assistance of counsel," ECF No. 45 (Def. Letter). Defendants' counsel also "advised [Robles] that any outside payments would not prevent any future litigation." *Id.*

In *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), the Second Circuit made clear that "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." 796 F.3d at 206. The Second Circuit reasoned that judicial approval in FLSA dismissals is necessary to avoid "the potential for abuse" where the parties enter into an agreement "that may later be enforceable." *Id*.

In light of Plaintiffs' and Defendants' representation that the parties have not entered into an enforceable settlement agreement, however, and because the dismissal of Plaintiffs' claims will be without prejudice to asserting their claims at a later date, Fed. R. Civ. P. 41(a)(2), dismissal here does not raise the concerns the Second Circuit considered in *Cheeks*. *See Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 810 (2d Cir. 2022) (holding that *Cheeks* review of dismissal of claims without prejudice "may be quite limited—for instance, in this case, all that was needed was confirmation that no settlement existed"). Moreover, because the parties have not entered into a settlement agreement, there is no indication that Plaintiffs are attempting "an end-run around the protections for workers provided in *Cheeks*" by requesting a dismissal without prejudice. *King v. Fedcap Rehab. Servs., Inc.*, No. 20 Civ. 1784 (VSB), 2021 WL 1725703, at *1 (S.D.N.Y. Mar. 4, 2021); s*ee also Seck v. Dipna Rx., Inc.*, 16 Civ. 7262 (PKC), 2017 WL 1906887, at *2 (S.D.N.Y. May 8, 2017). The Court therefore dismisses the action without prejudice pursuant to Rule 41(a)(2).

The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: March 31, 2025
New York, New York

                                                         JENNIFER H. REARDEN
                                                         United States District Judge